IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,
    Plaintiff,

vs.                                     Case No.: 3:15cv500/MCR/EMT

AREA HOUSING COMMISSION, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a civil rights complaint filed under 42 U.S.C. § 1983 by Plaintiff (ECF No. 1). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 4).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir.

1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim

"are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of Plaintiff's complaint the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Plaintiff sues the Area Housing Commission ("AHC") as well as its director and three other of its employees. Plaintiff states that "this morning"—evidently November 5, 2015, the same day she filed this complaint—she walked into an unspecified AHC office or facility to use a computer that is apparently available there. Plaintiff states she was seeking information regarding her medical condition and/or Social Security and Medicaid benefits, like she has done in the past (ECF No. 1 at 3).

Plaintiff says she was prevented from using the computer because of a rule that had been implemented as to its usage, as announced by a sign attached to the computer that read, "This computer is only for Food Stamp/Florida Access; you must ask for assistance <u>before</u> using it" (ECF No. 1 at 3, ex. at 5). Plaintiff states that when she asked about using the computer, Defendants were vague about why she could not use it.

Plaintiff thereby claims violations of her rights under the Civil Rights Act of 1964 and 42 U.S.C. § 1983 as well as federal tort laws, 28 U.S.C. §§ 241 and 242, and Florida Statutes, Section 768.28. As relief, she requests one million dollars and expedient intervention in the case.

Plaintiff's allegations fail to state a plausible civil rights claim for relief. To state a claim for relief in a § 1983 action, a plaintiff must allege sufficient facts to establish that he or she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49–50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999). There is no constitutional right traceable to the facts of this complaint where Plaintiff complains about an agency's rules about the use of one of its computers. "The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide

services, even so elementary a service as maintaining law and order." Wright v. City of Ozark, 715 F.2d 1513, 1516 (11th Cir. 1983) (quoting Bowers v. DeVito, 686 F.2d 616, 618 (7th Cir. 1982)); *see also* Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032–33 (11th Cir. 1987).

By her reference to the Civil Rights Act of 1964, Plaintiff suggests a claim that she was discriminated against. Such a claim works to ensure that the government treats similarly situated people alike. *See* City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To state a claim under the Equal Protection Clause, a plaintiff generally must allege that (1) she is similarly situated with other persons who received more favorable treatment; and (2) her discriminatory treatment was based on some constitutionally protected interest. *See* Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotations omitted). Thus, in order to assert a viable equal protection claim, a plaintiff must first make a threshold showing that she was treated differently from others who were similarly situated to her. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). The plaintiff must also allege that the defendants acted with the intent to discriminate against her. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987).

Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367–68 (11th Cir. 1998); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987). The Equal Protection Clause is also implicated in "class of one" claims. Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006). A "class of one" equal protection claim does not allege discrimination against a protected class, but rather it alleges that the plaintiff "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Griffin Indus. v. Irvin, 496 F.3d 1189, 1202 (11th Cir. 2007) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)). The same strict "similarly situated" standard applies whether an equal protection claim is brought under a "class of one" theory or a traditional theory of unlawful discrimination. Id. at 1204–05. Indeed, the "similarly situated" requirement must be rigorously applied in the context of "class of one" claims. See Leib v. Hillsborough Cnty. Pub. Transp. Comm'n, 558 F.3d 1301, 1306 (11th Cir. 2009).

Here, Plaintiff does not allege she is similarly situated with any other persons who received more favorable treatment than her. Furthermore, she alleges nothing to plausibly suggest that Defendants acted with any intent to discriminate. Plaintiff's

allegations are therefore completely insufficient to state a plausible equal protection claim.

To the extent that Plaintiff asserts a claim under 18 U.S.C. §§ 241 and 242 or any other federal criminal statute, a private individual cannot bring an individual action under a criminal statute, because the court is not vested with power to prosecute criminal cases. *See* Higgins v. Neal, 52 F.3d 337 (10th Cir. 1995); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (noting that "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242"); *see also* Dugar v. Coughlin, 613 F. Supp. 849 (S.D.N.Y. 1985) (no private right of action under federal criminal statutes); Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (same).

Finally, to the extent Plaintiffs assert state law claims against Defendants, those claims should be dismissed without prejudice to her pursuing them in state court. It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over the state claims against Defendants. *See* Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 1138–39, 16

L. Ed. 2d 218 (1966). Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. Baggett, 117 F.3d at 1353 (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994); Exec. Software N. Am. v. United States Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett Cnty., 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga. 1994)). The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial. *See* Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

Given the fact that the instant recommendation is to dismiss all of Plaintiff's federal claims upon initial review, the court finds that any state law claims that Plaintiff might be asserting should be dismissed to permit Plaintiff to pursue them in a more appropriate forum. Neither judicial economy nor fairness to the other litigants would support retaining jurisdiction of Plaintiff's state claims, and the state court is best equipped to research and rule on matters of state law.

As Plaintiff has presented no viable claims, the complaint should be dismissed.

Accordingly, it respectfully **RECOMMENDED**:

1. That Plaintiff's federal claims be **DISMISSED** with prejudice for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That Plaintiff's state law claims be **DISMISSED** without prejudice.

3. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 5th day of August 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**